UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

CARMELO REYNOSO ASENCIO and GUSTAVO SANTOS, on behalf of themselves and all others similarly situated,

                 Plaintiffs,

      -against-

URBAN INTELLIGENCE, INC. d/b/a URBAN UMBRELLA,

                 Defendant.

------------------------------------------------------------------- X

No. 24 Civ. 7739

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Carmelo Reynoso Asencio and Gustavo Santos ("Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of Defendant Urban Intelligence, Inc. d/b/a. Urban Umbrella ("Defendant"), allege:

**NATURE OF THE ACTION**

1. Plaintiffs regularly worked up to eighty hours per workweek as construction workers at Urban Umbrella, a scaffolding company in New York City. Defendants unlawfully paid Plaintiffs on a semi-monthly basis that failed to provide them with overtime pay for hours worked over forty per workweek. Defendants also failed to furnish Plaintiffs with accurate wage notices at the time of their hiring and accurate wage statements at the end of each pay period.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated construction workers (the "Construction Workers") to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"),

the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred primarily in Manhattan, New York.

**Plaintiff Carmelo Reynoso Asencio**

5. Carmelo Reynoso Asencio resides in the Bronx, New York.

6. Asencio has worked for Defendants as a driver and flagger since March 15, 2023.

**Plaintiff Gustavo Santos**

7. Gustavo Santos resides in Brooklyn, New York.

8. Santos worked for Defendants as a driver and flagger from approximately March 27, 2023, through June 14, 2024.

**Defendant Urban Intelligence, Inc.**

9. Defendant Urban Intelligence, Inc. d/b/a Urban Umbrella is a New York corporation located at 135 West 41st Street, Floor 5, New York, New York 10036.

10. Urban Umbrella provides sidewalk scaffolding for façade restoration, new developments, and demolition sites in New York City. It also supplies interior scaffolding as well as scaffolding/overhead protection for rooftops, patios, and terraces. Urban Umbrella also offers canopies for restaurant, retail/commercial, art, and

event activation. *See* https://www.urbanumbrella.com/services (last accessed October 3, 2024).

11. Urban Umbrella has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12. In each of the three years preceding the filing of this Complaint, Urban Umbrella's annual gross volume of sales exceeded $500,000.

13. Urban Umbrella is an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Urban Umbrella was Plaintiffs' "employer" within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

15. Throughout their respective employment periods within the last six years and 228 days, Plaintiffs and other Construction Workers performed physical construction work duties at worksites, such as brick layering, stonemasonry, driving, and flagging for more than 25% of their working time per workday. Construction Workers, including Plaintiffs, were also often required to work at the Urban Umbrella warehouse, located in Brooklyn, New York, where they physically lifted, moved, and organized construction materials for more than 25% of their working time per workday.

16. Throughout their respective employment periods at Urban Umbrella, Plaintiffs and other Construction Workers typically worked approximately fifty-five to eighty hours per workweek. Plaintiffs' schedules varied based upon Defendant's needs, but they regularly worked Monday through Friday from 5:00 a.m. or 6:00 a.m. to 5:00, 6:00, or 8:00 p.m. with a one-hour break per workday. However, at different points

throughout their respective employment periods, Plaintiffs and other Construction Workers worked longer shifts.

**Carmelo Reynoso Asencio's Hours Worked and Wages Paid**

17. Asencio's schedule varied throughout his employment, but he regularly worked more than forty hours per workweek. Asencio typically spent approximately one or two hours per workday driving Urban Umbrella's truck to and from construction worksites within New York City, both at the start and end of each workday. Asencio typically spent the rest of each workday, ranging from eight to twelve hours, performing physical flagging duties.

18. From approximately March 14, 2023, through January 2024, Defendants paid Asencio $2,854 on a semi-monthly basis.

19. Since approximately February 2024 through the present, Defendants have paid Asencio $2,916.67 on a semi-monthly basis.

20. For example, for the workweek of May 1 through May 7, 2023, Asencio worked Monday from 5:30 a.m. to 6:30 p.m., Tuesday from 7:00 a.m. to 7:00 p.m., Wednesday from 5:00 a.m. to 4:00 p.m., Thursday from 8:00 a.m. to 6:00 p.m., and Friday from 6:30 a.m. to 5:30 p.m., with a one-hour lunch break every day, for a total of fifty-two hours worked.

21. On May 15, 2023, Defendants paid Asencio $1,317.23 for this workweek, equal to $25.33 per hour for fifty-two hours worked.

22. For example, for the workweek of January 15 through January 21, 2024, Asencio worked from 8:00 a.m. to 4:00 p.m. on Monday, from 6:00 a.m. to 6:00 p.m. on Tuesday and Wednesday, from 6:00 a.m. to 5:00 p.m. Thursday, and from 6:00 a.m. to 3:00 p.m. on Friday, with a one-hour lunch break every day, for a total of forty-seven hours per workweek.

23. On January 31, 2024, Defendants paid Asencio $1,346.16 for this workweek, equal to $28.64 per hour for forty-seven hours worked.

**Gustavo Santos's Hours Worked and Wages Paid**

24. Santos's schedule varied throughout his employment, but he regularly worked more than forty hours per workweek. Santos would typically spend one or two hours per workday driving Urban Umbrella's truck to construction worksites within New York City, both at the start and end of his workday. Santos typically spent the rest of each workday, ranging from eight to twelve hours, performing physical flagging duties. Approximately one or two times per month, and based on business necessities, Santos would also paint and classify material and clean trucks in Urban Umbrella's warehouse

25. Throughout his employment, Defendants paid Santos $2,845 on a semi-monthly basis.

26. For example, for the workweek of July 10 through 16, 2023, Santos worked from 6:00 a.m. to 10:00 p.m. on Monday, 6:00 a.m. to 7:00 p.m. on Tuesday, and from 6:00 a.m. to 9:00 p.m. Wednesday through Friday, for a total of sixty-nine hours worked.

27. On July 31, 2023, Defendants paid Santos $1,313.08 for this workweek, equal to $19.03 per hour for sixty-nine hours worked.

28. For example, for the workweek of March 4 through 10, 2024, Santos worked from 5:00 a.m. to 9:00 p.m. Monday and Tuesday, 6:00 a.m. to 6:00 p.m. Wednesday, 6:00 a.m. to 9:00 p.m. Thursday, and 5:00 a.m. to 10:00 p.m. Friday, for a total of seventy-one hours worked.

29. Defendants paid Santos $1,313.08 for this workweek, equal to $18.49 per hour for seventy-one hours worked.

30. Defendants did not pay Plaintiffs and other Construction Workers at a rate of one and one-half (1/2) their regular hourly wage rates for hours worked over forty per workweek.

31. Defendants failed to furnish Plaintiffs and other Construction Workers with accurate wage statements with each payment of their wages throughout their employment.

32. Defendants failed to furnish Plaintiffs and other Construction Workers with accurate wage notices at the time of their hiring.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs bring this action on behalf of themselves and all similarly situated Construction Workers who worked at Urban Umbrella within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

34. The FLSA Collective consists of over forty Construction Workers who have been victims of Defendant's common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and timely payment of their wages.

35. Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have regularly worked more than forty hours per workweek, have performed virtually the same work duties, and have been subjected to Defendant's common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

36. Defendant is aware or should have been aware that the FLSA required them to pay Construction Workers an overtime premium for hours worked in excess of forty per workweek.

37. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

38. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Construction Workers can be readily identified and located through Defendant's records. The similarly situated Construction Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated Construction Workers who work or have worked for Urban Umbrella within the Liability Period (the "Rule 23 Class").

40. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

41. The size of the Rule 23 Class exceeds forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of the Defendant.

42. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

43. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

    a. whether Defendant violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

    b. whether Defendant failed to pay Construction Workers at the correct overtime rate for all time worked in excess of forty hours per week;

    c. whether Defendant failed to provide Construction Workers with accurate wage statements as required by the NYLL and WTPA;

    d. whether Defendant failed to provide Construction Workers with wage notices as required by the NYLL and WTPA;

    e. whether Defendant failed to pay Construction Workers, who were manual workers, on a weekly basis as required by the NYLL; and

    f. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

44. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendant at various times within the Liability Period. They enjoy the same statutory rights under the NYLL to be paid timely and at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

45. Plaintiffs and the Rule 23 Class have all been injured in that they have been undercompensated due to Defendant's common policies, practices, and patterns of conduct.

46. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

47. Plaintiffs have retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

48. There is no conflict between Plaintiffs and the Rule 23 Class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

50. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime)**

51. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

52. Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

53. Defendant is an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs and the FLSA Collective.

54. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

55. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

56. Due to Defendant's violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Overtime)

57. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

58. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendant was required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

59. Defendant is an employer within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiffs and the Rule 23 Class.

60. Defendant failed to pay Plaintiffs and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked in excess of forty per workweek.

61. Defendant has willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

62. Due to Defendant's willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (NYLL – Failure to Provide Accurate Wage Statements)

63. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

64. The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

65. Defendant's failure to comply with NYLL § 195(3) goes beyond technical violations. It is directly intertwined with and facilitated Defendant's practice and policy of not paying Plaintiffs and the Rule 23 Class's overtime wages due.

66. As part of their general practice and policy, Defendant paid Plaintiffs and the Rule 23 Class with semi-monthly checks that did not reflect their hours worked per period or per workweek and regular and overtime wage rates due, thereby preventing Plaintiffs and the Rule 23 Class from knowing whether they received all pay at the correct wage rates due for all hours worked per workweek. Defendant did this on purpose to conceal from Plaintiffs and the Rule 23 Class that they were supposed to receive one and one-half times their regular hourly wage rate per hour worked over forty per workweek. Had Defendant complied with the requirements of NYLL § 195(3), Plaintiffs and the Rule 23 Class would have known that they were supposed to receive, and would have received, one and one-half times their regular rate per overtime hour worked.

67. By concealing this information, Defendant avoided paying Plaintiffs and the Rule 23 Class their overtime wages due per workweek as alleged in this Complaint.

68. Furthermore, by paying their wages using checks that failed to deduct and report required withholdings, Defendant injured Plaintiffs and the Rule 23 Class by failing to pay employer-side payroll taxes, including FICA and social security. This concretely harmed Plaintiffs and the Rule 23 Class because Defendant's failure to comply

with the requirements of NYLL § 195(3) will, among other things, reduce their entitlement to future social security benefits.

69. As a result of Defendant's violations of NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL.

## FOURTH CLAIM
### (NYLL – Failure to Provide Accurate Wage Notices)

70. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

71. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

72. Defendant failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with accurate wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

73. Defendant's failure to comply with NYLL § 195(1) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendant's practice and policy of not paying Plaintiffs and the Rule 23 Class their overtime wages due.

74. As part of their general practice and policy, Defendants did not provide the wage notice required under NYLL § 195(1), upon hire or when their pay rates changed.

Defendants did this to conceal from Plaintiffs and the Rule 23 Class the regular and overtime rates they should have received. Had Plaintiffs and the Rule 23 Class received this information, they would have known that they had to receive pay of one and one-half times their regular wage rate for hours worked over forty per workweek, which would have allowed them to complain about Defendant's wage payment failures alleged here.

75.     By concealing this information, Defendant avoided informing Plaintiffs and the Rule 23 Class of their legal rights and thereby avoided paying them their overtime wages due per workweek as alleged in this Complaint.

76.     As a result of Defendant's violations of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

**FIFTH CLAIM**
**(FLSA – Late Payment of Wages)**

77.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

78.     Under the FLSA and its interpretive and implementing regulations, the "general rule is that overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends." 29 C.F.R. § 778.106. The FLSA forbids employers from delaying wage payments for a period longer "than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made."

79.     Throughout Plaintiffs' employment, Defendant repeatedly paid Plaintiffs' wages late, much later than an amount of time reasonably required for Defendant to calculate and pay Plaintiffs' wages due.

80. Defendant's failure to pay Plaintiffs' wages promptly and within a reasonable time after their wages were due injured Plaintiffs.

81. Plaintiffs are entitled to recover from Defendant as liquidated damages the amounts that Defendant paid them late.

## SIXTH CLAIM
### (NYLL – Frequency of Payments)

82. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

83. Throughout their employment, Plaintiffs spent at least 25% of their working time performing physical tasks, including moving material from trucks to worksites, placing flags around the worksites, standing and walking on and around worksites while holding flags, and raising and waving flags and banners.

84. Plaintiffs are "manual workers" within the meaning of the NYLL.

85. Defendant was required to pay Plaintiffs on a weekly basis, and "not later than seven calendar days after the end of the week in which the wages were earned." NYLL § 191(1)(a).

86. As a result of its semi-monthly pay practices, Defendant failed to pay Plaintiffs their full wages due at the end of each weekly pay period, within seven days of the end of each workweek.

87. As a result of Defendant's failure to pay Plaintiffs their full wages due on a timely basis in violation of the NYLL, Plaintiffs are entitled to recover liquidated damages equal to the wages that were untimely paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, designate Plaintiffs as class representatives, and designate Plaintiffs' counsel as Class Counsel;

b. certify this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendant violated the overtime wage provisions of the FLSA and the NYLL;

d. declare that Defendant violated the notice and record keeping provisions of the NYLL and WTPA;

e. declare that Defendant violated the frequency of pay provisions of the NYLL and FLSA;

f. declare that Defendant's violations of the FLSA and NYLL were willful;

g. award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

h. award Plaintiffs and the Rule 23 Class statutory damages under the NYLL and WTPA;

i. award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

j. award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NYLL;

    k.  award Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

    l.  award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
    October 11, 2024

              PECHMAN LAW GROUP PLLC

            By: __s/Louis Pechman__
               Louis Pechman
               Gianfranco J. Cuadra
               Camille A. Sanchez
               Pechman Law Group PLLC
               488 Madison Avenue – 17th Floor
               New York, New York 10022
               Tel.: (212) 583-9500
               pechman@pechmanlaw.com
               cuadra@pechmanlaw.com
               sanchez@pechmanlaw.com
               *Attorneys for Plaintiffs, the Putative FLSA Collective, and Putative Rule 23 Class*